UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:15-cr-144-TWP-DML-01 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| KEVIN DALE KYNER | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:15-cr-00144-TWP-DML |
| | ) |
| KEVIN DALE KYNER, | ) -01 |
| | ) |
| Defendant. | ) |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Kevin Kyner's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Dkt. 85). For the reasons explained below, Mr. Kyner's motion must be **denied**.

### I.    BACKGROUND

Mr. Kyner pled guilty to Count 2 if the Indictment, Possession of a Firearm in Furtherance of Drug Trafficking Activity and judgment of conviction was entered on January 24, 2017. (Dkt. 57). He was sentenced to 60 months imprisonment followed by 48 months supervised release. *Id*. In October 2021, Mr. Kyner admitted to violating the terms of his supervised release. (Dkt. 79). The Court then sentenced him to 18 months in prison. (Dkt. 83). According to the Bureau of Prisons website, Mr. Kyner's anticipated release date (with good-conduct time included) is March 24, 2023. *See* https://www.bop.gov/inmateloc/ (last visited July 20, 2022).

On July 18, 2022, Mr. Kyner filed a *pro se* motion requesting compassionate release. (Dkt. 85). In the motion, he asks to be released because his mother is on hospice care, he does not know how much longer she has to live, and he would like to be with his mother. *Id.* After Mr. Kyner's motion was filed, one of his family members contacted the Court to explain that Mr. Kyner's

2

mother has now passed away and that Mr. Kyner would like to be released from prison so that he can attend her funeral, which is set for Saturday, July 23, 2022. The Court concludes that it does not require a response from the United States to resolve Mr. Kyner's motion.

## II. DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

The Court extends its condolences to Mr. Kyner on the recent loss of his mother. Nonetheless, the Court declines to exercise its discretion to find that Mr. Kyner's desire to attend his mother's funeral is an extraordinary and compelling reason to release him. Many inmates have parents and other family members pass away during their sentences and would like to attend the funerals. Mr. Kyner's desire to attend his mother's funeral—while understandable and laudable—is not an extraordinary situation.

Given the determination that Mr. Kyner has not shown extraordinary and compelling reasons to justify a sentence reduction, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of a reduction.

### III.   CONCLUSION

For the reasons stated above, Mr. Kyner's motion for compassionate release, dkt. [85], is **denied**. If Mr. Kyner would like to participate in his mother's funeral, he should speak to his counselor or case manager about arranging to view his mother's funeral virtually. The **Clerk is requested** to contact Mr. Kyner's family member to make them aware of this ruling, so as to allow time for Mr. Kyner to arrange a virtual viewing of his mother's services.

**IT IS SO ORDERED.**

Date:  7/20/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Kevin Dale Kyner
Reg. No. 12831-028
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351